IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SOLUTIONS INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALOE COMMODITIES INTERNATIONAL, INC., a Texas corporation, and JOHN DOES 1–10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:04CV314 DAK |

This matter is before the court on (1) Plaintiff's Renewed Motion for Partial Summary Judgment as to Liability, (2) Plaintiff's Renewed Motion for Preliminary Injunction; (3) Defendant's Motion for Summary Judgment, (4) Defendant's Motion to Strike Portions of Plaintiff's Summary Judgment Exhibits, (5) Defendant's Motion to Strike Portions of Plaintiff's Summary Judgment Affidavits, and (6) Defendant's Motion for Attorney Fees and Costs Relating to Plaintiff's Defamation Claim.  A hearing on these motions (with the exception of Defendant's Motion for Attorney Fees and Costs–which has been decided on the briefs) was held on July 18, 2005.  At the hearing, Plaintiff Solutions International, LLC ("Solutions") was represented by Brent V. Manning.  Defendant Aloe Commodities International, Inc. ("Aloe")

1

was represented by Erik Olson.  Before the hearing, the court carefully considered all pleadings, memoranda, affidavits, and exhibits submitted by the parties.  Since taking the motions under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## I.  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This lawsuit arises from the recall of a dietary supplement called "Ageless II" that was manufactured by Aloe for sale and distribution by Solutions.  Plaintiff, Solutions, has moved for summary judgment as to liability with respect to three of the eight causes of action in its Amended Complaint.  Solutions seeks summary judgment as to liability on the Second (Breach of Express Warranty), Third (Breach of Implied Warranty), and Fifth (Negligent Misrepresentation) causes of action.

**A.    Standard of Review**

Summary judgment is appropriate if the record before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."  *Id.*  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court will "view the evidence and draw any inferences therefrom in the light most favorable to the party opposing summary judgment."  *MacDonald v. Delta Air Lines, Inc.*,

94 F.3d 1437, 1440 (10th Cir. 1996).

**B. Background**

Solutions sells dietary supplements and health- related products. Aloe manufactured a product called "Ageless II" for Solutions. Aloe manufactured and delivered to Solutions Ageless II formula that contained significantly higher-than-labeled levels of Vitamin D. Because of the Vitamin D toxicity, the product was subject to a recall by the United States Food and Drug Administration. Aloe admits that it manufactured and sold to Solutions Ageless II formula with almost 471 times the amount of Vitamin D that was printed on the label of each bottle. Aloe contends Solutions failed to act quickly enough when recalling the product and failed to follow labeling procedures required by the Food and Drug Administration when distributing the product that would have helped in conducting the recall. Aloe alleges that when Solutions' customers began complaining about unusual symptoms they suffered after using Ageless II that Solutions encouraged its customers to keep using the product because they were just "going through a natural cleansing process."

**C. Discussion**

The court previously denied Solutions' motion for partial summary judgment as to liability–without prejudice to renew–and granted Aloe's 56(f) motion so that it could conduct discovery. In its Order dated January 28, 2005, the court stated that "[t]he undisputed fact that one of Solutions' products was subject to a public recall because of a manufacturing error by Aloe establishes the existence of damages. Moreover, Solutions has submitted evidence that its sales declined as a result of the recall and that consumers who consumed the Ageless II formula

containing toxic levels of Vitamin D have sought reimbursement from Solutions for their medical bills.  At the hearing in this matter, counsel for Aloe conceded that Solutions could establish the existence of damages." Accordingly, the court stated that it would focus its analysis on whether Aloe should be allowed to conduct additional discovery as to its affirmative defenses (failure to mitigate damages, offset, and comparative fault) before the court ruled upon the motion for partial summary judgment.

      The court then agreed with Solutions that Aloe's affirmative defenses of offset and mitigation of damages would not prevent the court from entering summary judgment as to liability, stating that entering summary judgment as to liability would not prevent Aloe from presenting its affirmative defenses of offset and mitigation of damages at a jury trial on the issue of damages.  However, the court found that the application of Utah's Comparative Negligence statute to the facts of this case presents a more compelling reason for allowing discovery.

      Solutions argued that a jury can allocate fault as part of a damages trial and that based upon the undisputed facts of this case, it is not possible for Aloe to prove Solutions was more than 50% at fault.   However, Aloe has argued that if allowed the opportunity to conduct additional discovery it may be able to demonstrate that Solutions is barred from recovering anything from Aloe under Utah Code Ann. § 78-27-38(2) (allowing recovery only if fault of defendants exceeds the fault of party seeking recovery).

      The court stated that "[b]ased upon the information currently before the court, it is highly unlikely Aloe will be able to establish facts upon which a trier of fact could determine that Solutions' fault exceeded that of Aloe.  Nevertheless, the court will afford Aloe the opportunity

to complete its factual discovery prior to ruling upon the motion for summary judgment."

In its renewed motion, Solutions seeks summary judgment as to liability on its breach of warranty and negligent misrepresentation causes of action because, it claims, Aloe has not created a disputed fact regarding whether a jury could find that Solutions was more than 50% at fault under the Utah Comparative Negligence statute. Furthermore, it argues that Aloe has not created a genuine dispute concerning proximate cause.

The court agrees that no reasonable jury could find that Solutions was more than 50% at fault under the Utah Comparative negligence statute. Similarly, while Aloe has marshaled some evidence that there may be other contributing reasons that Solutions suffered damages, they have not created a genuine dispute concerning whether the product recall of the Ageless II formula proximately caused those damages. The jury will determine the extent of damages suffered by Solutions as a result of the recall, but no jury could find, based on the evidence in the record, that the recall (and the events leading up to the recall) did not proximately cause damages. Accordingly, Plaintiff's Motion for Partial Summary Judgment as to Liability is granted as to the Second (Breach of Express Warranty) and Third (Breach of Implied Warranty) Causes of Action.[1] The court, however, declines to enter summary judgment as to liability on Solutions' Fifth (Negligent Misrepresentation) cause of action.

---

[1] The court need not address Defendant's motions to strike because the court has not relied on any arguably inadmissible evidence to make its determination on liability.

## II.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Aloe has moved for summary judgment on Plaintiff's non-contract claims. Specifically, it argues that summary judgment should be granted as to Solutions' fraud claim (Count IV), its tortious interference claim (Count VIII), its negligence claim (Count VI) and its negligent misrepresentation claim (Count V).  In addition, it seeks dismissal of Solutions' claim for punitive damages.

While Solutions' evidence of fraud is weak, it has marshaled sufficient evidence to create a disputed fact regarding whether Aloe knowingly or recklessly made a false statement to Solutions.

The court agrees with Aloe, however, that the economic loss rule precludes Solutions' negligence claims.  Unlike Solutions' customers or distributors who may have ingested the product, Solutions has neither alleged nor produced evidence that it has suffered any harm to person or property.  Thus, its negligence and negligent misrepresentation claims are dismissed. In addition, the court finds that Solutions' claim for tortious interference with contractual relations fails.  Solutions has not satisfied the elements of such a claim, and thus it is dismissed.

Finally, in light of the court's conclusion that Solutions' fraud claim should be decided by a jury, the court declines to dismiss Solutions' request for punitive damages.

## III.  PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION

Plaintiff seeks an injunction to stop Defendant from allegedly transferring/dissipating its assets.  Defendant argues that it is not doing so, and, in any event, that the court is not permitted to enter such an injunction absent a "judgment or its equivalent" under *Grupo Mexicano do*

*Dessarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

The court finds that entering summary judgment as to liability on the warranty claims is not the equivalent of a "judgment." Thus, the court declines to enter a preliminary injunction.

### IV.   DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS RELATING TO PLAINTIFF'S DEFAMATION CLAIM

In its Motion for Attorney Fees and Costs Relating to Plaintiff's Defamation Claim, Aloe seeks an award of its attorneys' fees and costs incurred in defending against the defamation claim, which was subsequently voluntarily dismissed by Solutions. Aloe bases its motion on the fact that the dismissal was without prejudice and the defamation claim was without merit and brought in bad faith.

On May 12, 2005, without obtaining a stipulation from Aloe, Solutions filed a Notice of Voluntary Dismissal of First Cause of Action, the defamation claim. The court granted the motion on May 20, 2005. Subsequently, during the briefing of the instant motion, Solutions has offered to dismiss the claim with prejudice. Therefore, the court hereby dismisses the First Cause of Action (Defamation) with prejudice.

Having dismissed this claim with prejudice, the court will "adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997). Such exceptional circumstances are not present here. Furthermore, Aloe has thus far "prevailed" on only one of the original eight related claims against it, and due to the interrelatedness of the claims, it is not clear to the court that significant time was spent

specifically defending this First Cause of Action. Moreover, there is no indication that the claim was brought in bad faith. Costs, therefore, are denied.

## V. TRIAL ORDER

This case is set for a ten-day jury trial to begin on Monday, **September 19, 2005** at 8:30 a.m. In order to expedite the conduct of the trial in this case, counsel are instructed as follows:

### A. Proposed Voir Dire and Verdict Form

*1. Proposed Voir Dire*

The parties must file any proposed voir dire no later than **September 15, 2005**.

*2. Special Verdict Form*

The parties must file a proposed special verdict form no later than **September 19, 2005.** The parties must submit an original and a copy, along with a computer disk (formatted for WordPerfect) containing the proposed form.[2]

### B. Jury Instructions

Upon request, the court's stock civil jury instructions will be mailed or emailed to the parties.[3] The stock jury instructions should not be resubmitted to the court with the parties' proposed instructions. All applicable stock jury instructions will be used at trial, absent a compelling reason why a particular instruction should not be used or should be altered. The

---

[2] In lieu of submitting a computer disk, the parties may email their proposed special verdict form and the proposed jury instructions listed below, in WordPerfect format, to: www.utdecf_kimball@utd.uscourts.gov

[3] Please contact Arline Rubin (524-6610) to obtain a copy of the court's stock civil jury instructions.

parties should not, absent a compelling reason, submit instructions that are duplicative of the stock jury instructions. All additional jury instructions must be submitted according to the following procedure:

1. The parties are required to jointly submit one set of stipulated final instructions. To this end, the parties must serve their proposed instructions upon each other by **August 24, 2005**.[4] The parties must then meet and confer to agree on a single set of instructions, to the extent possible.

2. If the parties cannot agree upon a complete set of final instructions, they may submit separately those instructions upon which they cannot agree. However, the parties are expected to agree upon the majority of the substantive instructions for the case.

3. The stipulated instructions and each party's supplemental instructions must be filed and served by **September 2, 2005**. The parties should file an original and one copy of each set of instructions, which must include citations to authority. The parties must also provide a computer disk, formatted for WordPerfect, containing the proposed instructions, without citation to authority. Each party's supplemental instructions must be served on the other party by the same date.

4. By no later than **September 9, 2005**, each party must file and serve its objections to the supplemental instructions proposed by the other party. All such objections

---

[4] All documents to be served pursuant to this Order must be served via facsimile, email, or hand-delivery.

        must recite the proposed disputed instruction in its entirety and specifically highlight the objectionable language in the proposed instruction.  The objection must contain citations to authority and a concise argument explaining why the instruction is improper.  If applicable, the objecting party should submit an alternative instruction addressing the subject or principle of law.

5.      By no later than **September 16, 2005**, the parties may file and serve a concise written argument supporting the propriety of their proposed instructions to which the other party objected.

## C.  Pretrial Order

A stipulated Pretrial Order must be filed by **August 19, 2005**.  The form of the Pretrial Order should generally conform to the approved form which is reproduced as Appendix IV to the Local Rules of Practice.

## D.  Motions in Limine

All motions in limine must be filed and served no later than **August 29, 2005**.  Responses to the motions must be filed and served by **September 6, 2005**.  Reply memoranda must be filed by **September 9, 2005**.  A hearing on the motions, if necessary, will be held during the week of **September 12, 2005**.

## E.  Exhibits

All exhibits must be premarked before trial.  Plaintiff's exhibits should be marked numerically, and Defendants' exhibits should be marked alphabetically.

### F. Pretrial Conference

In light of this Trial Order, the final pretrial conference currently scheduled for **August 22, 2005** is unnecessary and is hereby vacated.

### VI. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Partial Summary Judgment As to Liability [docket # 63] is GRANTED. Plaintiff has established liability as a matter of law on its claims for Breach of Express Warranty (Second Cause of Action) and Breach of Implied Warranty (Third Cause of Action). Defendant's Motion for Summary Judgment [docket # 84] is GRANTED in part and DENIED in part. Plaintiff's claims for Negligence (Count VI), Negligent Misrepresentation (Count V), and Tortious Interference (Count VIII) are DISMISSED. Plaintiff's Renewed Motion for Preliminary Injunction [docket #73] is DENIED. Defendant's Motions to Strike [docket ## 104 and 106] are DENIED AS MOOT. Defendant's Motion for Attorney Fees and Costs Relating to Plaintiff's Defamation Claim [docket # 86] is DENIED. The court has also set forth above deadlines pertaining to the trial of this matter, including deadlines for proposed voir dire, proposed special verdict forms, proposed jury instructions, a Stipulated Pretrial Order, and any motions in limine.

DATED this 5th day of August, 2005.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge