R. Stephen Marshall (2097)
Erik A. Olson (8479)
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

Mark W. Romney, Texas State Bar #17225750
**VIAL, HAMILTON, KOCH & KNOX, L.L.P.**
1700 Pacific Ave., Suite 2800
Dallas, Texas 75201
Telephone (214) 712-4400
Facsimile (214) 712-4402

Attorneys for Defendant Aloe Commodities International, Inc.



## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLUTIONS INTERNATIONAL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ALOE COMMODITIES INTERNATIONAL, INC., a Texas corporation, and JOHN DOES 1–10,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS FROM CUSTOMERS**<br><br>Case No.: 2:04 CV 00314 DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge David O. Nuffer |

Defendant Aloe Commodities International, Inc. ("Aloe"), by and through counsel,

hereby submits its memorandum in support of its motion for an Order in limine prohibiting the

plaintiff Solutions International, LLC ("Solutions") from introducing any evidence of statements made to a witness by any of plaintiff's customers.

## ARGUMENT

### I. OUT-OF-COURT STATEMENTS MADE BY SOLUTIONS' CUSTOMERS CONSTITUTES HEARSAY.

Solutions may seek to introduce evidence of out-of-court statements made by its customers to the witness regarding the customer's experience in taking *Ageless II*, including statements: (1) that the customer suffered ill health of adverse side effects from taking plaintiff's *Ageless II* product; (2) that the customer does not intend to purchase any of plaintiff's products in the future; or (3) that the customer's opinion of plaintiff's reputation suffered.

Evidence of statements made by customers constitutes hearsay under Rule 801(c), Fed. R. Evid., and is not admissible under Rule 802. Nor does it fall within an exception under Rule 803, Fed. R. Evid. Because such evidence is inadmissible, the Court should grant a motion in limine excluding any such evidence.

DATED this 29th day of August, 2005.

**DURHAM JONES & PINEGAR**

By: _____
R. Stephen Marshall
Erik A. Olson
Attorneys for Defendant

2

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS FROM CUSTOMERS to be served via facsimile and U.S. Mail this 29th day of August, 2005, to the following:

>Brent V. Manning
>Manning Curtis Bradshaw & Bednar
>10 Exchange Place, 3rd Floor
>Salt Lake City, Utah 84111

_____
Linda Stour